# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK WHITE,<br><br>  Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social Security<br>Administration,<br><br>  Defendant. | Case No. 04 C 4959 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Mark White appeals from a partial denial of Supplemental Security Income benefits and a complete denial of Disability Insurance benefits. Both White and the Commissioner have moved for summary judgment. Our review of the analysis by the Administrative Law Judge leads us to conclude that a reversal of the portion of the decision unfavorable to White is required.

### Facts

White filed concurrent applications for DIB and SSI benefits in August 1992 on the basis of several mental and physical impairments. His applications were denied in November 1992, and his request for reconsideration was also denied. White filed a request for an administrative hearing, which was held in May 1994. The ALJ remanded White's case to the state agency for consideration of White's mental impairments. In October 1994, the state agency denied White's application, leading White to again request an administrative hearing. Two years later, a hearing

1

was held before ALJ John Wilder. When testifying before this ALJ, White admitted that he was a recovering alcoholic and drug abuser. R. 44. He also testified to suffering from serious depression that rendered him unable to work or even leave the house. White explained that even after giving up alcohol and drugs in 1995, he continued to be unable to function in society as a result of severe depression. R. 50.

The decision from the administrative hearing was issued in March 1997 but by ALJ Bonny Barezky, not ALJ Wilder (the switch in ALJ was not explained). ALJ Barezky found that White had not engaged in substantial gainful activity after December 1991 but found that his mental and physical impairments did not prevent him from performing past relevant work. R. 509-510.

The Appeals Council denied White's request for a review of the unfavorable decision. White then filed a complaint for judicial review in this Court, arguing that a remand was necessary because the ALJ who issued the unfavorable decision had not heard any of the testimony. On August 17, 1999, Magistrate Judge Denlow remanded White's case pursuant to the parties' stipulation for remand. *White v. Apfel*, No. 99 C 0523 (N.D. Ill. Aug. 17, 1999).

After the remand, a hearing was scheduled for May 2004, again before ALJ Barezky. White informed his attorney that he could not attend the hearing because his boss would not allow him to take the morning off from work. ALJ Barezky refused to reschedule the hearing, and the hearing occurred without White's presence or testimony. In July 2000, ALJ Barezky issued a decision denying White's claim for benefits. The decision states that White "did not engage in substantial gainful activity at any time during the requested closed period of disability" and that he had a disability. R. 565. The ALJ also found, however, that White's drug and

2

alcohol problems were material to the finding of disability. R. 566. The ALJ found that the depression was secondary to the substance abuse, and without considering his substance abuse problems, White did not have a severe impairment. R. 568. As a result, the ALJ found that White was ineligible for benefits.

White appealed ALJ Barezky's decision on the grounds that he was denied the opportunity to testify. The Appeals Council denied his appeal, and White again filed suit in this Court.

## Magistrate Judge Levin's Ruling

Magistrate Judge Levin had to consider whether ALJ Barezky committed legal error by refusing to reschedule the hearing so that White could testify. *White v. Barnhart*, 235 F. Supp. 2d 820, 826 (N.D. Ill. 2002).

Magistrate Judge Levin summarized the ALJ's findings as follows:

> As is pertinent here, the ALJ determined that Plaintiff had not engaged in substantial gainful activity at any time during the closed period of disability (i.e., December 15, 1991 through December 1, 1999). The ALJ further found that Plaintiff's alcohol abuse was a severe impairment as delineated by regulation requirements. Moreover, during the closed period of disability, Plaintiff's impairments met listing 12.09.
>
> The ALJ determined that Plaintiff's substance abuse was material to the finding of disability. In addition, the ALJ found that Plaintiff's depression was secondary to substance abuse, and without considering substance abuse, Plaintiff did not have a severe impairment. The ALJ further determined that Plaintiff's allegations regarding his limitations were not totally credible.
>
> Accordingly, the ALJ determined that Plaintiff was not under a disability during the closed period of disability.

*Id.* at 825. Magistrate Judge Levin took issue with two of the ALJ's findings. First, he objected to the ALJ's determinations that White was not fully credible because the ALJ never heard White

3

testify.[1] *Id.* at 827. Second, he objected to the finding that White would not qualify as disabled without consideration of his substance abuse problem, because it was based on the testimony of two medical experts who had not had the benefit of White's testimony. *Id.* at 824 n.4. Magistrate Judge Levin stated that:

> Plaintiff's testimony was needed at a hearing in order to properly assess the basic issue before the ALJ; namely, whether Plaintiff could be found disabled without drug addiction and/or alcoholism (DA & A) being material to a finding of disability. Dr. Blackman [one of the medical experts, a psychiatrist] initially testified that the record (without Plaintiff's testimony) seemed to show that an individual who achieved sobriety and was able to function in the workplace would not be disabled, but for DA & A. However, on cross-examination, Dr. Blackmun admitted that he did not know or could no answer whether his testimony would be the same if the individual had been continuing to fight depressive demons for two years before achieving sobriety and returning to the workforce. Thus, if the ALJ had afforded Plaintiff the opportunity to testify, he potentially could have provided Dr. Blackmun with the information he lacked.

*Id.* at 839. This led Magistrate Judge Levin to conclude that "[p]laintiff's testimony, particularly regarding his emotional/psychological condition after he achieved sobriety, (i.e., to clarify precisely when he achieved sobriety) was required to complete the record." *Id.* at 830. Magistrate Judge Levin therefore held that the ALJ denied White procedural due process by refusing to reschedule the hearing so that he could be present for testimony.

### 2003 ALJ Decision

Following Magistrate Judge Levin's remand order, White's case was assigned to ALJ Edwin Shinitzky.

The ALJ held a hearing on October 30, 2003 and heard testimony from four witnesses:

---

[1] Magistrate Judge Levin noted that ALJ Barezky had twice failed to provide White with a full and fair hearing. *Id.* at 827. Furthermore, he noted that ALJ Barezky had violated the remand order from Magistrate Judge Denlow, the purpose of which was to provide White with the opportunity to testify before the deciding ALJ. *Id.*

White; Diane White, his wife; Dr. Marva Dawkins, a medical expert; and Grace Gianforte, a vocational expert. On April 13, 2004, the ALJ issued a decision in which he denied SSI benefits for the period between December 15, 1991 and April 1, 1993; granted SSI for the period from April 1, 1993 through January 3, 1997; and denied DIB benefits entirely.

To establish disability, a claimant must show that he is unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The claimant must be unable to do not only his previous work, but also any other form of substantial gainful work considering his age, education, and work experience. *Id.* The Social Security Act prescribes a five-step sequential analysis for determining whether a claimant can engage in substantial gainful activity: (1) is the claimant presently employed; (2) is the claimant's impairment or combination of impairments severe; (3) do the claimant's impairments meet or equal any specific impairments listed within the Code of Federal Regulations which the commissioner of Social Security acknowledges to be conclusively disabling; (4) are the claimant's impairments of such a nature that they limit his remaining or residual functional capacity to the degree that he is no longer able to perform the duties and demands of a former occupation; and (5) is the claimant unable to perform any other work in the national economy considering her age, education, and work experience. *Butera v. Apfel*, 173 F.3d 1049, 1054 (7th Cir. 1999). The claimant bears the burden of proof through step four of the evaluation. *Id.* If the ALJ finds that the claimant engaged in substantial gainful activity, then the claimant does not qualify as disabled, and the inquiry ends. *See, e.g., Brewer v. Chater*, 103 F.3d 1384, 1392 (7th

Cir. 1997) (the ALJ first considers whether the claimant is engaged in substantial gainful activity; if he is, "the claimant is not disabled and the evaluation process is over").

The ALJ denied White's application for SSI benefits for the period from December 15, 1991 through April 1, 1993 based on his determination that White had engaged in substantial gainful activity during that time. R. 555. The ALJ found that White admitted to drug and alcohol abuse from 1991 through April 1993. In March 1992, White began to seek treatment for his addictions. The applications he filled out for various treatment centers were part of the evidentiary record and were apparently examined by the ALJ. On these applications, White estimated that he spent approximately $20,000 on cocaine, alcohol, and heroin during the past two years and admitted to earning this money through panhandling, lying, cheating, stealing, and working. R. 555. Relying on these records, the ALJ found that White continued to engaged in these activities until April 1993, when he entered a substance abuse program.

Under the Social Security Regulations in effect at the time, monthly income above $500 gives rise to a presumption that an individual is engaging in substantial gainful activity. 20 C.F.R. §§ 404.1574, 416.974. Because White admitted to spending approximately $20,000 on drugs and alcohol in 1991 and 1992 (more than $800 per month), the ALJ found that he was presumptively engaging in substantial gainful activity. The ALJ ruled that White was unable to rebut this presumption. Citing *Dotson v. Shalala*, 1 5.3d 571 (7th Cir. 1993), which held that illegal activity can be classified as substantial gainful activity if the claimant performed significant physical or mental activity, and did so with the intent of making a profit, the ALJ concluded that White's admitted stealing and cheating constituted substantial gainful activity. He stated:

[C]laimant's repeated admissions related to the fruits of his illegal activities are consistent and fully credible as admissions affecting his interest are given great weight. Thus, the claimant was performing an activity which constitutes substantial gainful activity pursuant to 20 CFR 404.1574/416.974 up until April 1993.

R. 555. The ALJ therefore found White to be ineligible for SSI benefits before April 1993.

The ALJ proceeded to consider the rest of the period at issue, April 1993 through November 1996, and found that White was not engaging in substantial gainful activity during that time and that he suffered from a severe disability. The ALJ thus granted SSI benefits for that time period.

As to White's application for DIB payments, the ALJ found that White's date last insured was December 31, 1992. To be eligible for DIB, a claimant must show that he bacame disabled before his date last insured. 20 C.F.R. § 404.621(a)(1). Because the ALJ had concluded that White was not disabled until April 1993, several months after his date last insured, his application for DIB was denied.

## Discussion

Judicial review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards in reaching a decision and whether the record contains substantial evidence to support the findings. *Scivally v. Sullivan*, 966 F.2d 1070, 1075 (7th Cir. 1992). The court may not reevaluate the facts, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Conclusions of law, however, are not entitled to deference. If the ALJ commits an error of law, reversal is required, regardless of the volume of evidence in support of the factual findings. *Binion v. Chater*, 108 F.3d 780, 782 (7 th Cir. 1997).

7

White argues that the ALJ committed legal error in denying SSI and DIB payments for the period covering December 1991 through April 1993 because he failed to follow the law of the case. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *United States v. Feldman*, 825 F.2d 124, 130 (7th Cir. 1987). The doctrine applies to judicial review of administrative decisions. *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998); *Chicago & N.W. Transp. Co. v. United States*, 574 F.2d 926, 929 (7th Cir. 1978). It requires the ALJ to conform proceedings on remand to the principles of the judicial decision, unless there is a compelling reason to depart. *Wilder*, 153 F.3d at 803. White argues that a finding that he was not engaged in substantially gainful activity from December 1991 through April 1993 was made by ALJ Barezky in 1997 and in 2000; was never challenged by the Commissioner; and was ruled upon by Magistrate Judge Levin, and therefore became law of the case.

The law of the case doctrine does not extend to matters not decided in the prior decision. *Creek v. Village of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998). Application of the law of the case doctrine thus "requires a careful reading of the reviewing court's opinion: observations or commentary touching upon issues not formally before the reviewing court do not constitute binding determinations." *Id.* An issue left open after remand may be decided freely by the lower tribunal. *Key v. Sullivan*, 925 F.2d 1056, 1061 (7th Cir. 1991). According to the Commissioner, a careful reading of Magistrate Judge Levin's decision reveals that his intent in ordering a remand was to develop a full record of White's testimony on all topics related to his application for benefits, including whether White engaged substantial gainful activity.

The Court disagrees; the issue of substantial gainful activity was not left open by

Magistrate Judge Levin's decision. Magistrate Judge Levin stated that he was remanding White's case because "[p]laintiff's testimony was needed at a hearing in order to properly assess *the basic issue before the ALJ; namely, whether Plaintiff could be found disabled without drug addiction and/or alcoholism being material to a finding of disability.*" *White*, 235 F Supp. 2d at 830 (emphasis added). Magistrate Judge Levin made it clear that he was remanding the case because he took issue with the ALJ's determination that without considering drug and alcohol abuse, White was not disabled and had the ability to perform past work. Under the five-step sequential disability inquiry established by the Social Security Regulations, the ALJ considers whether a claimant's drug and alcohol abuse problems affect his eligibility for benefits in steps two through five. Steps two through five of the five-step disability inquiry are reached only if the ALJ first finds that the claimant was not engaged in substantial gainful activity during the relevant time period. In other words, ALJ Barezky only reached the issue of White's drug and alcohol abuse because she found that he was not engaged in substantial gainful activity. By focusing his remand order on the issue of whether White had a severe impairment without consideration of his drug and alcohol problems, Magistrate Judge Levin necessarily accepted and adopted the ALJ's finding that White had not engaged in substantial gainful activity from December 1991 through November 1996. *Angevine v. Sullivan*, 881 F.2d 519, 521 (7th Cir. 1989) ("issues previously decided, either explicitly or by necessary implication, become the law of the case").

Similar reasoning was applied by the Seventh Circuit in *Creek v. Village of Westhaven.* Creek filed a suit for damages for civil rights violations in the district court. The district court ruled that his suit was barred by claim preclusion, arising from an earlier law suit. The Seventh

Circuit reversed and held that Creek could bring an action for damages because he was unable at the time of the earlier suit to quantify the damages he was owed. The court ruled that Creek could seek damages for events occurring during a certain time frame, during which claim preclusion did not apply, delineated the measure of damages available to Creek, and remanded the case for consideration as to whether he was entitled to damages for that time frame. On remand, the district court held that the Seventh Circuit's discussion of the measure of damages was law of the case. Creek appealed, arguing that the measure of damages was not at issue before the Seventh Circuit and therefore could not be law of the case. The Seventh Circuit affirmed the district court's ruling, stating that though the amount of damages was not at issue in the prior decision, it was "necessary to our resolution of the issue that faced us." *Creek*, 144 F.3d at 445. Similarly, though the issue of whether White was engaged in substantial gainful activity was not the issue facing Magistrate Judge Levin, it was necessary to his resolution of the case. There would have been no need to remand for the purpose of hearing White's testimony regarding the severity of his impairments had there not been a determination of the issue of substantial gainful activity.

The law of the case doctrine is not absolute. The doctrine may be held not to apply if "compelling reasons" or "unusual circumstances exist." *Chicago & N.W. Transp.*, 574 F.2d at 930. Compelling reasons include: substantial new evidence introduced after the first review; a Supreme Court decision after the first review; or a conviction of the part of the second reviewing court that the decision of the first was clearly erroneous. *Id.*; *see also Wilder*, 153 F.3d at 803 ("New evidence can furnish compelling grounds for departure from a previous ruling."). After Magistrate Judge Levin remanded White's case, White was given the opportunity to testify,

which he had not been able to do in the previous administrative hearing. Therefore, an argument could made that ALJ Shinitzky reached the conclusion that White had engaged in substantial gainful activity from December 1991 through April 1993 based on "substantial new evidence," i.e., White's testimony following the remand.

The new evidence exception does not apply, however, because the ALJ's written findings reveal that White's testimony at the 2003 hearing did not provide the ALJ with any new information on the issue of substantial gainful activity. In fact, the ALJ wrote in his finding that he relied on Exhibit 59, White's 1992 application for substance abuse treatment at the Lutheran Services of Illinois, *see* R. 397-425, in concluding that White was engaged in substantial, though illegal, activity. R. 554. ALJ Barezky had specifically relied on this very same application in her 1997 decision, the first decision in White's case. R. 509.[2] In finding that White had engaged in substantial gainful activity, ALJ Shinitzky did not cite to any of White's testimony. Furthermore, a reading of the transcript reveals that White gave no testimony directed to that issue. Rather, during White's testimony, the ALJ read from the Lutheran Social Services documents, R. 675-76, which stated that White spent $200 per week on drugs, $20 per day on alcohol, and that he used two bags of heroin every other day. The only testimony the ALJ elicited from White on this topic was to ask him how much a bag of heroin cost in 1992, to which White responded, "about $10." R. 676. This one new piece of evidence is not substantial enough to be considered a compelling reason to depart from the law of the case.

---

[2]After reading these documents, ALJ Barezky found in 1997 that "there is no indication in the record that the claimant has engaged in substantial gainful activity since December 15, 1991," R. 507, and in the 2000, that "the claimant did not engage in substantial gainful activity at any time during the requested closed period of disability." R. 564.

11

For these reasons, the Commissioner cannot invoke the new evidence exception to the law of the case doctrine. The ALJ failed to follow the law of case when he found that White had engaged in substantial gainful activity from December 15, 1991 through April 1, 1993.

Because the Court finds that the ALJ failed to follow the law of the case, we need not address White's argument that the ALJ's decision must be reserved because it was not based on substantial evidence.

Rather than remanding his case for a determination of his eligibility, White asks the Court to reverse the ALJ's decision and order an award of DIB and SSI benefits for the period of December 15, 1991 through April 1, 1993. White argues that remand would serve no useful purpose as the factual issues have already been resolved, and thus it is appropriate for the court to award benefits directly. *Lidner v. Sullivan*, 902 F.2d 1263, 1267 (7th Cir. 1990); *See Rohan v. Barnhart*, 306 F. Supp. 2d 756, 770 (N.D. Ill. 2004) (when all of the factual issues have been resolved, and the record can yield only one conclusion, a remand would only delay the receipt of benefits). The Court agrees. White's application for benefits has already endured twelve years of litigation, including hearings before administrative law judges; it is difficult to see what purpose another hearing would serve.

## Conclusion

For the reasons stated above, the Court grants White's motion for summary judgment [docket no. 9] and remands his case with the direction that the Commissioner grant White's application for benefits for the period of December 15, 1991 through April 1, 1993. *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998). Commissioner's motion for summary judgment

[docket no. 10] is denied. The Clerk is directed to enter judgment in favor of the plaintiff.

_____
MATTHEW F. KENNELLY
United States District Court

Date: March 31, 2005